FILED
 2005 Aug-12 PM 02:13
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LEAANN D. JOHNSON,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BLUE CROSS AND BLUE** )<br>**SHIELD OF ALABAMA,** )<br>)<br>**Defendant.** ) | **Civil Action No. CV-04-S-3414-NE** |

### MEMORANDUM OPINION

This action is before the court on plaintiff's Motion for Expedited Review of the Administrative Record.[1] Upon consideration of the motion and briefs,[2] the court finds that the motion is due to be denied.

Plaintiff, Leaann Johnson, is "a 39-year old female who suffers from morbid obesity to the point that her physical health is threatened."[3] Plaintiff is a beneficiary under a medical insurance plan established by her husband's employer, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*[4] Defendant, Blue Cross and Blue Shield of Alabama, is the plan administrator and, in

---

[1] Doc. no. 11.

[2] Doc. no. 11 (motion); doc. no. 12 (defendant's opposition); doc. no. 13 (plaintiff's reply); doc. no. 14 (defendant's surreply); doc. no. 15 (plaintiff's response to surreply).

[3] Doc. no. 1 (complaint), ¶ 7.

[4] *See id.*, ¶¶ 2, 6-7.

that capacity, exercises authority to determine what benefits are available to plan members.[5]

Plaintiff's doctor recommended that she undergo a surgical procedure known as Biliopancreatic Diversion with Duodenal Switch in order to achieve weight loss.[6] Defendant denied coverage for this procedure on October 22, 2004, on the basis that the procedure is investigational.[7] In this suit, plaintiff seeks, among other remedies, a declaratory judgment that the denial was arbitrary and capricious.[8]

The court issued a Scheduling Order on July 6, 2005, requiring that "[a]ll potentially dispositive motions must be filed by December 16, 2005."[9] Six days after the Scheduling Order was entered, the parties jointly filed the "Administrative Record," which ostensibly constitutes the evidence considered by defendant in denying plaintiff's application.[10] The parties concurrently informed the court that "Plaintiff and Defendant will file separate motions for summary judgment in the near future."[11]

Plaintiff now moves the court to: (1) "enter an order giving the parties a time

---

[5] *See id.*, ¶ 7.
[6] *Id.*, ¶ 8-9.
[7] *Id.*, ¶ 12.
[8] *See id.*, prayer for relief, ¶ 3.
[9] Doc. no. 8, ¶ 4.
[10] Doc. no. 9.
[11] *Id.* at Notice of Joint Filing.

certain in which to make written arguments in their respective favors based upon the evidence in the Administrative Record"; (2) "enter an expedited order [ ] disposing of all claims"; and (3) in the alternative, order the parties to "file their respective motions for summary judgment based solely upon the evidence in the Administrative Record without the necessity of additional affidavits, etc."[12]

Certain facets of plaintiff's motion may easily be dismissed. Plaintiff moves the court to "enter an order giving the parties a time certain in which to make written arguments." The court entered such an order on July 6, 2005, when it instructed the parties to file dispositive motions no later than December 16, 2005. Plaintiff also moves the court to enter an "expedited order [ ] disposing of all claims," on the basis that her "health continues to deteriorate."[13] This court is sensitive to plaintiff's condition. Nonetheless, at this time, the responsibility is upon plaintiff to file a dispositive motion and to present legal arguments. The court's Scheduling Order instructs the parties to file dispositive motions no later than December 16, 2005. Clearly, plaintiff may seek judgment *before* that date.[14]

Plaintiff also moves to limit the evidence that the court may consider, once

---

[12] Doc. no. 11, ¶ 5.

[13] *Id.*, ¶ 4.

[14] Federal Rule of Civil Procedure 56(a) provides that a party seeking to recover upon a claim or to obtain a declaratory judgment may, "at any time after the expiration of 20 days from the commencement of the action," move for summary judgment in the party's favor. Plaintiff commenced this action on December 13, 2004 (*see* doc. no. 1).

dispositive motions are filed. Indeed, this appears to be the crux of plaintiff's motion: "Plaintiff is fearful that either party's submission of other evidence in any form at this point will cause this Court to remand the case back to the Plan Administrator for further consideration, and she wishes to avoid this."[15] Plaintiff's motion, however, is premature. The introduction of additional information *may* require remand under certain circumstances. *See, e.g., Jett v. Blue Cross and Blue Shield of Alabama*, 890 F.2d 1137, 1140 (11th Cir. 1989) ("Should [the beneficiary] wish to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand to Blue Cross for a new determination."); *Levinson v. Reliance Standard Life Insurance Company*, 245 F.3d 1321, 1328 (11th Cir. 2001) (district court properly denied insurance provider's motion to remand case to plan administrator, where insurance provider previously "had more than adequate opportunities to establish [a complete] administrative record"). However, no additional evidence has been submitted, and plaintiff represents that "she has no desire or intent to expand on the Administrative Record."[16] Assuming that defendant submits additional evidence at a future date, and plaintiff opposes that submission, she may file an appropriate motion at that time.

All facets of plaintiff's motion are due to be denied. An appropriate order will

---

[15] Doc. no. 15.
[16] *Id.*

be entered.

    DONE this 12th day of August, 2005.

                                                            _____
                                                            United States District Judge